UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHARON FAYE HANSHEW,<br><br>　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>BLAZIN WINGS, INC., et al.,<br><br>　　　　　　　　Defendant(s). | Case No. 2:16-CV-1541 JCM (PAL)<br><br>ORDER |

　　　Presently before this court is plaintiff Sharon Faye Hanshew's motion to remand this case to state court for a lack of diversity jurisdiction. (ECF No. 5). Defendants Buffalo Wild Wings, Inc. and Blazin Wings, Inc. filed a response, (ECF No. 9) and plaintiff filed a reply (ECF No. 10).[1]

**I.　　Introduction**

　　　Plaintiff filed the instant case in Nevada state court on June 3, 2016, alleging three causes of action against defendants: (1) "Negligence – Premises Liability"; (2) "Vicarious Liability/*Respondeat Superior*"; and (3) "Negligent Hiring, Training, Retention, and Supervision" stemming from plaintiff's alleged "slip[ing] on salad dressing" while patronizing a Buffalo Wild Wings restaurant. (ECF No. 1-2 at 8–11).

　　　On June 29, 2016, defendants filed a petition for removal, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1). Offering that the amount-in-controversy requirement for diversity jurisdiction is met, defendants state:

> Plaintiff is claiming pain, suffering, general damages in an unspecified amount, medical special damages in an unspecified amount, and loss of wages and diminution of earning capacity in an unspecified amount. Plaintiff's medical specials are believed to be between $50,000 and $100,000. In April of 2016, Plaintiff made a settlement demand of $325,000.

---

　　　[1] Blazin Wings, Inc. does business as Buffalo Wild Wings, which is also known as Buffalo Wild Wings and Bar.

**James C. Mahan**
**U.S. District Judge**

(*Id.* at 2).

Conversely, plaintiff's motion to remand argues that defendants have failed to surmount their burden of showing the amount-in-controversy requirement was met because plaintiff's special damages, calculated by adding her medical expenses and lost wages, equal $41,537.41. (ECF No. 5). Plaintiff also argues that a pre-litigation offer has no bearing on the amount-in-controversy calculation. (*Id.*).

## II.     Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 988 (D. Nev. 2005). Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence." *Knutson*, 358 F. Supp. 2d at 988 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus*, 980 F.2d at 567).

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Second, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077

**James C. Mahan**
**U.S. District Judge**

(9th Cir. 1983). The citizenship requirement for subject matter jurisdiction based on diversity of parties is determined "as of the time the lawsuit is filed." *See Lew*, 797 F.2d at 750; *Carter v. McConnel*, 576 F. Supp. 556, 557 (D. Nev. 1983).

### III.     Discussion

It is uncontested that there is at least a sum of $41,537.41 involved with this litigation based upon the plaintiff's calculation of "special damages." (ECF Nos. 5, 9). Rather, the greatest issue here is the weight, if any, given to plaintiff's letter demanding $325,000 for settlement. (ECF No. 9).

It is true that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("[Plaintiff] could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence."); *see also Krajca v. Southland Corp.*, 206 F. Supp. 2d 1079, 1081–82 (D. Nev. 2002) ("*Cohn* clearly states that settlement letters are probative of the amount in controversy.").

Unlike in *Cohn*, plaintiff here has provided "contrary evidence" of the value of the lawsuit—aside from the final $325,000 sum requested—through its itemized calculation of special damages within her letter and motion. *Cohn*, 281 F.3d at 840; *see* (ECF Nos. 5, 9-1). However, special damages is only one source of relief sought by plaintiff. *See* (ECF No. 1-2).

Plaintiff's complaint also alleges "General damages in an amount in excess of $10,000.00," "Compensatory damages in an amount in excess of $10,000.00," and "reasonable attorney fees." (ECF No. 1-2 at 12); *see Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."). Adding the floor sum of $20,000 derived from the additional forms of requested relief to the special damages, the amount in controversy alleged on the face of the complaint and indicated by plaintiff's calculation is, at a minimum, $61,537.41.[2] This sum is not sufficient to establish diversity jurisdiction, and defendant offers insufficient evidence that these damages are greater than the minimum alleged values. *See* 28 U.S.C. § 1332(a); (ECF Nos. 1, 7); *see also Sanchez*, 102 F.3d at 404.

---

[2] Although this sum does not account for attorneys' fees, there is no evidence here suggesting any particular amount alleged in connection with this form of relief. (ECF Nos. 5, 9, 10).

Moreover, the "reasonable estimate" portion of the *Cohn* rule further bolsters plaintiff's argument because there is no indication whether the pecuniary demand here was reasonable. 281 F.3d at 840. In *Cohn*, there was "undisputed evidence" that "the object of the litigation" met the amount-in-controversy requirement. *Id.* Further, the relevant letter in *Babasa v. Lenscrafters, Inc.*, clearly explained the basis of the calculation used therein. *See* 498 F.3d 972, 974–75 (9th Cir. 2007) ("[A]ppellees' counsel estimated that their allegation of 300,000 missed meal periods, compensable at an average $15 hourly rate of pay, would amount to $4.5 million."). Here, the letter explains only $41,537.41 of the $325,000 demand. *See* (ECF No. 9-1). Without additional information, it is difficult to determine the probative value of the demand amount when assessing whether defendant has met the amount-in-controversy requirement of diversity jurisdiction. *See Krajca*, 206 F. Supp. 2d at 1082.

### IV.   Conclusion

Thus, defendant has failed to show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied because the face of the complaint and the terms of the demand letter do not indicate that the present case involves more than $75,000. *See Sanchez*, 102 F.3d at 404; *see also* 28 U.S.C. § 1332(a).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (ECF No. 5), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this case shall be remanded to the Eighth Judicial District Court for the State of Nevada.

DATED December 30, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -